DENVER & RIO GRANDE R. R. CO., APPELLANT, v. HANOUM, APPELLEE.

1. RIGHT OF WAY THROUGH PUBLIC LANDS.

The right of way privilege conferred by the act of March 3, 1875, does not attach on the filing and acceptance of the railway company's articles of incorporation and proofs of organization, but when the line of road is definitely fixed, either by actual construction, or the filing of a map showing its definite location.

2. SAME—DEFINITE LOCATION.

It is not necessary for a company which has filed its articles of incorporation and proofs of organization, and constructed a road over unsurveyed public lands, to file a map of definite location in order to entitle it to the benefit of said act.

*Appeal from the District Court of Montrose County.*

ACTION against a railroad company for constructing and operating its road through lands claimed by plaintiff. Verdict and judgment for plaintiff. Defendant appeals.

The following provisions of the act of congress of March 3, 1875, are considered in the opinion (see Supplement to Rev. Stat. U. S., vol. 1, 2d ed., pp. 91, 92):

" An act granting to railroads the right of way through the public lands of the United States.

" Sec. 1. That the right of way through the public lands of the United States is hereby granted to any railroad company duly organized under the laws of any state or territory, except the District of Columbia, or by the congress of the United States, which shall have filed with the secretary of the interior a copy of its articles of incorporation, and due

proofs of its organization under the same, to the extent of one hundred feet on each side of the central line of said road; * * *

"Sec. 4. That any railroad company desiring to secure the benefits of this act, shall, within twelve months after the location of any section of twenty miles of its road, if the same be upon surveyed lands, and, if upon unsurveyed lands, within twelve months after the survey thereof by the United States, file with the register of the land office for the district where such land is located a profile of its road; and upon approval thereof by the secretary of the interior the same shall be noted upon the plats in said office; and thereafter all such lands over which such right of way shall pass shall be disposed of subject to such right of way:

"*Provided*, That if any section of said road shall not be completed within five years after the location of said section, the rights herein granted shall be forfeited as to any such uncompleted section of said road."

Messrs. WOLCOTT & VAILE and Mr. HENRY F. MAY, for appellant.

Mr. JOHN GRAY and Mr. HUGO SELIG, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This action relates to a certain quarter section of land in Delta county, Colorado. The plaintiff Hanoum has the government patent for the land under the pre-emption laws of the United States. The defendant, the D. & R. G. R. R. Co., claims the right of way through the land for its railroad, basing its claim upon compliance with the act of congress "granting to railroads the right of way through the public lands of the United States," and actual occupation and use for such purpose. See act of March 3, 1875, 1 Sup. U. S. Rev. Stats., pp. 91, 92.

The question presented is: Does the patent give plaintiff an absolute title to the whole quarter section unincumbered

by any servitude or easement, or, is the land subject to the right of way claimed by defendant for its railroad?

The land in question was formerly a part of the Ute Indian Reservation in the state of Colorado. By act of congress approved July 28, 1882, all that portion of the reservation lately occupied by the Uncompahgre and White River Utes was "declared to be public land of the United States, and subject to disposal from and after the passage of this act, in accordance with the provisions and under the restrictions and limitations of section 3 of the act of congress approved June fifteenth, eighteen hundred and eighty, chapter two hundred and twenty-three, except as hereinafter provided, under regulations to be prescribed by the secretary of the interior in accordance with the provisions of this act." See U. S. Stats., 1881–1882, p. 178.

Counsel for both parties concede that the facts established by the pleadings and evidence are in substance as follows:

In September and October, 1881, plaintiff settled upon the land, intending to acquire the same by pre-emption; and on July 14, 1884, made his declaratory statement or pre-emption filing for the same. On September 15, 1885, plaintiff made his final proofs and payment for the land, and obtained the receiver's certificate therefor, though the patent was not issued until 1889. Prior to plaintiff's settlement, the defendant company in June, 1881, made the survey and location of its railroad, and in December, 1881, laid out and commenced the construction of its roadbed through the land in controversy. On April 20, 1882, the defendant company filed with the secretary of the interior a copy of its articles of incorporation and proofs of its organization; on the same day it also filed a map of its road *in the General Land Office of the United States;* and on January 25, 1883, said map was approved by the secretary of the interior. The United States survey was extended over the land in question May 31, 1884. On July 28, 1882, when the land of the Indian Reservation was declared to be public land and subject to disposal as such, with certain exceptions, limitations

and restrictions, the defendant company was occupying its right of way and operating its cars through the quarter section in question. At that time, also, plaintiff, having previously settled upon the land, was occupying and intending to acquire the same as a pre-emption. From that time continuously, and in that manner respectively, each party has ever since occupied and used the land.

The land was not subject to pre-emption by plaintiff until the Indian title was extinguished. Rev. Stats. U. S. §§ 2257, 2258; *The Yosemite Valley Case*, 15 Wall. 77.

The principal contention in behalf of appellee is, that the defendant railroad company is not entitled to the right of way as claimed, because it has never filed a profile of its road with the *register of the land office for the district where such land is located*, as provided by section 4 of the act of March 3, 1875, *supra*. So far as we are advised, the precise question thus presented has never been determined by the Supreme Court of the United States. We are, therefore, without an authoritative precedent. But in a case reviewing and construing sections 1 and 4 of said act, Mr. Vilas, secretary of the interior, has delivered an elaborate opinion. His conclusions are reported as follows:

"The right of way privilege conferred by the act of March 3, 1875, does not attach on the filing and acceptance of the company's articles of incorporation and proofs of organization, but when the line of road is definitely fixed, either by actual construction, or the filing of a map showing its definite location.

"It is not necessary for a company which has filed its articles of incorporation and proofs of organization, and constructed a road over unsurveyed public lands, to file a map of definite location in order to entitle it to the benefit of said act." See *Dakota Central R. R. Co. v. Downey*, Decisions of Department of the Interior relating to Public Lands, vol. 8, p. 115, and cases there cited.

The reasoning of the learned secretary by which the foregoing conclusions were reached, seems to us clear and con-

vincing, and in harmony with judicial decisions bearing upon similar questions. *Railroad Co. v. Baldwin*, 103 U. S. 426; *Van Wyck v. Knevals*, 106 U. S. 360; *Railway Co. v. Alling*, 99 U. S. 474; *Jackson v. Dines*, 13 Colo. 90; *Howell v. Killie*, 17 Colo. 88.

Referring to the facts above stated, it will be observed that plaintiff made his filing July 14, 1884; that more than two years before (April 20, 1882), defendant had filed a copy of its articles of incorporation and proofs of its organization with the secretary of the interior; and that nearly two years before (July 28, 1882), defendant had constructed its road and was occupying its right of way and operating its cars through the land in question. At the date last mentioned there was, therefore, fixity of grantee and fixity of location or of the subject-matter of the grant; so that the title of the defendant to its right of way was, then, complete. The subsequent disposal of the land to plaintiff must, therefore, be held to have been made subject to defendant's right of way. It follows that plaintiff has no cause of action; and that judgment should have been rendered in favor of defendant.

In view of the conclusion at which we have arrived, it is unnecessary to consider the claim that the defendant company is entitled to a right of way over the land in question by virtue of certain treaties and the executive order of the president of the United States promulgated May 12, 1880.

The judgment of the district court is reversed and the cause remanded.

*Reversed.*