[No. 4478.]

## Bonner v. The Rio Grande Southern Railroad Company.

**Railroads—Right of Way—Public Lands—Mining Claims.**

Where a railroad company filed its articles of incorporation with the secretary of the interior and a map or plat of its line of road in the United States land office and constructed its road across a mining claim previously located, and the mining claim was afterwards abandoned, the right of way of the railroad company attached to the abandoned claim as soon as it reverted to and became a part of the public lands, without refiling its map, and a subsequent locator of the abandoned mining claim took it subject to the easement of the railroad company of a right of way of 100 feet on each side of the center of its line of track.

*Appeal from the District Court of San Miguel County.*

Mr. R. H. Wilson, for appellant.

Messrs. Wolcott, Vaile & Waterman, for appellee.

Mr. Justice Steele delivered the opinion of the court.

This is an action in ejectment, brought by The Rio Grande Southern Railroad Company to sustain its adverse filed in the United States land office against the application of Levi Bonner for patent to the Loopton lode mining claim. The company claims a right of way one hundred feet in width on each side of the center line of its track across the territory claimed by the appellant under his location. In support of its claim the company introduced a plat of the route of the road filed in the land office in

March, 1891, which was approved by the secretary of the interior, September 4, 1891. Witnesses testified that the center line of the road was run in the summer, that the work of construction was begun in July, and that the road was constructed across the territory in controversy in the fall of 1890. The claim of the appellant is that on the 4th of July, 1892, he was and still is the owner of the Loopton lode mining claim, and that he is entitled to the possession thereof by virtue of a full compliance with the laws of the United States and of the state of Colorado. Defendant introduced in evidence the location certificate of the Loopton lode, dated July 4, 1892, and recorded July 18, 1892, and the amended location certificate, dated May 16, 1900, and recorded May 21, 1900. The defendant offered to prove that the Happy Home placer was located in the year 1890, that the land in controversy was within the boundaries of the Happy Home, that the Happy Home was abandoned in the year 1891, and that a deed for a right of way forty feet in width had been accepted from the locators of the Happy Home by the railroad company. The offer was refused. At the close of the testimony the court instructed the jury to return a verdict in favor of the company, and the defendant appealed.

The judgment should be affirmed. It was held by this court in *D. & R. G. R. R. Co. v. Hanoum,* 19 Colo. 162, that the right of way privileges conferred by the act of congress of March 3, 1875, attaches when the line of road is definitely fixed either by actual construction or the filing of a map showing its definite location. In the opinion the sections of the act of congress applicable are set out in full, and the ruling of the secretary of the interior is quoted with approval to the point that the right of way privileges do not attach upon the filing of the articles of incorporation with the secretary of the interior, but upon the filing

of the map of definite location as prescribed by the fourth section of the act.—*Dakota Central R. R. Co. v. Downey,* 8 Land Dec. 115.

In a later case this ruling of the secretary of the interior has been modified, and in 21 Land Dec. 250, the secretary holds that: "Whenever a railroad company, duly organized under the laws of any state or territory or by an act of congress of the United States, shall file with the Secretary of the Interior a copy of its articles of incorporation and due proofs thereunder, it acquires, by virtue of the act of March 3, 1875, a present grant of the right of way through the public lands of the United States upon the line of road indicated by its charter. * * * The filing of the map of location within the time prescribed by the act fixes the right of the road as to all lands which shall be traversed by it, and after the road is so located, all lands upon the line thereof, to which no claim or right had attached at the date of the filing of articles of incorporation and due proofs of organization thereunder with the Secretary of the Interior, were subject to such right of way."

Although there has been a modification of the ruling of the secretary of the interior, the new ruling does not strengthen the case of the plaintiff in error. By the late decision the right of the company attaches when the articles of incorporation are filed if there is contained in the papers a description of the line of the road. The record does not show whether the land in question was surveyed at the time the center line of the road was run, and is silent as to when the articles of incorporation were filed with the secretary of the interior. In the case cited from 19th Colorado it appeared that the railroad company constructed its road through the Indian reservation and filed its maps of definite location before the land was restored to the public domain; that the appellee, Hanoum, set-

tled, in the fall of 1881, on a quarter section of land within the reservation and through which the railroad company had prior to that time surveyed its line of road, and in July, 1884, he filed his declaratory statement.   In September, 1885, he made final proof and payment for the land, and patent issued to him in 1889.   The land was restored to the public domain July 25, 1882.   The question for consideration was: ''Does the patent give the plaintiff an absolute title to the whole quarter section unincumbered by any servitude or easement, or, is the land subject to the right of way claimed by defendant for its railroad?'' It was held that Hanoum took the land subject to the easement of the railroad company.   Notwithstanding the fact that the land was not public land at the time Hanoum made his settlement and at the time the railroad company built its road and filed its map, the government approved the map of the company and accepted Hanoum's entry.

No proof was introduced showing when the Happy Home was located.   The offer of proof was that the Happy Home was located during the year 1890, and that it was located prior to the time the road was built.   It is conceded that the road was built and in operation at the time of the location of the Loopton, and we are of opinion that the locator took the land subject to the right of way.   It is also conceded that the Happy Home was abandoned in the year 1891.   The land then became public domain and was subject to entry.   The right of the company is that of an easement only, and when the locators of the Happy Home abandoned the property the company was not required to refile its map to acquire the right of way. The company, we think, took an easement not only over the land which was unappropriated at the time its right attached, but an easement across the land which was restored to the public domain after the

filing of its map of definite location, and that when the locators of the Happy Home abandoned their claim the right of the company attached.

It has been held by the supreme court of the United States that lands within the limits of a railroad grant to which a claim has been initiated in the proper land office at the time of the filing of the map of the definite location of the road do not pass with the grant to the railroad company upon abandonment, but are open to. entry under the land laws to the first applicant; but in these cases the statute granting subsidy lands was construed as expressly excluding from the operation of the grant land to which a claim had been initiated in the land office.   The act of congress under consideration will not, we think, bear such construction.

Our judgment, therefore, is that upon the abandonment of the Happy Home placer location, in the year 1891, the land embraced therein became public land and, as such, burdened with the right of way of the railroad company as shown by the map of definite location filed in March and approved by the secretary of the interior in September, 1891, and that the location of the Loopton lode in July, 1892, was subject to the easement of the railroad company.

The judgment is therefore affirmed.

————————          *Affirmed.*